COURT OF APPEALS OF VIRGINIA


Present:  Judge Humphreys, Senior Judges Hodges and Overton
Argued at Chesapeake, Virginia


MICHAEL DEFRANCISCO

MEMORANDUM OPINION* BY

v.    Record No. 1427-99-1        JUDGE NELSON T. OVERTON
                                    MAY 23, 2000

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
William C. Andrews, III, Judge

Fred C. Hardwick, II (Eusner & Hardwick,
P.C., on brief), for appellant.

Thomas M. McKenna, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


On appeal from his convictions of robbery, in violation of

Code § 18.2-58, and possession of cocaine, in violation of Code

§ 18.2-250, Michael Defrancisco contends that the trial court

erred in denying his motion to suppress statements made in

violation of his right to counsel.  Finding that Defrancisco did

invoke his right to counsel, we reverse the judgment of the

trial court.

The facts are not in dispute.

On July 10, 1998, Defrancisco was arrested and brought to

the Hampton police station for questioning involving the rape

_____

    * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

and robbery of Shirley Saunders, as well as the cocaine found in a search of Defrancisco's residence.  At the station, Detective Jimmy Forbes advised Defrancisco of his rights pursuant to Miranda, which Defrancisco acknowledged he understood. Defrancisco then asked Detective Forbes to call his parents, which Detective Forbes did, leaving Defrancisco to be questioned by Sergeant Payne.  Defrancisco asked Sergeant Payne if he could call a lawyer before answering any questions, to which Sergeant Payne responded, "Sure, that's your right.  You can do whatever you want to do."  Defrancisco then stated, "Well, I think I'd like to call a lawyer if I could."

Sergeant Payne left the interrogation room and informed Detective Forbes of Defrancisco's statements.  Detective Forbes re-entered the room and commented to Defrancisco that, "Hey, I understand from [Sergeant] Payne that you want an attorney, okay."  Defrancisco replied, "No.  I said if you can get one, I would like him."  Detective Forbes then told Defrancisco that he could call an attorney from the magistrate's office, located across the street.  Detective Forbes warned that, "once you're over there, it's hard for me to talk with you, but we will do whatever you want to do.  I would like to talk now." Defrancisco then replied, "Okay, sit down, let's talk."

Defrancisco contends that the trial court erred in denying his motion to suppress statements made to the detectives.  He argues the statements were elicited after he had invoked his

-

right to counsel, in violation of his Sixth Amendment rights. We agree.

"[An accused] subject to custodial interrogation has the right to consult with an attorney and to have counsel present during questioning, and . . . the police must explain this right [to the accused] . . . before questioning begins." Davis v. United States, 512 U.S. 452, 457 (1994) (citing Miranda v. Arizona, 384 U.S. 436, 469-73 (1966)). Defrancisco does not dispute that his rights were explained to him fully and timely.

Once Defrancisco requested a lawyer, however, the detectives were bound to respect the invocation of his rights under Miranda. "If [the accused] requests counsel, 'the interrogation must cease until an attorney is present.'" Edwards v. Arizona, 451 U.S. 477, 482 (1981) (citation omitted). Defrancisco indicated to Sergeant Payne that he wanted a lawyer. His statement, "I think I would like to have a lawyer, if I could," was sufficiently clear "that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." Davis, 512 U.S. at 459. See McDaniel v. Commonwealth, 30 Va. App. 602, 606, 518 S.E.2d 851, 853 (1999) (en banc) (the statement "I think I would rather have an attorney here to speak for me" was found to be an invocation of McDaniel's right to counsel). Furthermore, Sergeant Payne testified that, after Defrancisco made the statement, he exited the room and "there was discussions [sic] about making

-

arrangements for him to call a lawyer." It is clear from the record that the detectives did, in fact, understand that Defrancisco was requesting an attorney.

The Commonwealth argues that the subsequent statement made by Defrancisco, "No, I said if you can get one, I would like him," was not an unambiguous invocation of rights, but rather a conditional request. At the point at which this subsequent statement was made, however, Defrancisco had already invoked his right to counsel. "Once an accused invokes his right to counsel 'then it is presumed that any subsequent waiver that has come at the authorities' behest, and not at the suspect's own instigation, is itself the product of the "inherently compelling pressures" and not the purely voluntary choice of the suspect.'" Giles v. Commonwealth, 28 Va. App. 527, 531-32, 507 S.E.2d 102, 105 (1998) (citation omitted).

The Commonwealth never demonstrated at the motion hearing that any waiver by Defrancisco was purely voluntary. Contact between the officers and Defrancisco was resumed by the officers, not the accused. Indeed, the officers pressured Defrancisco by intimating that calling a lawyer would make the process more difficult. The Commonwealth's assertion that the officers did not engage in "heavy-handed police tactics" may well be true, but the Commonwealth did not meet its burden of showing that the subsequent waiver of rights was purely voluntary.

-

Accordingly, the judgment of the trial court is reversed. The case is remanded for further proceedings, if the Commonwealth be so advised.

Reversed and remanded.